Lin v. Garland

BIA
Mulligan, IJ
A056 063 001

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

JING LIN,
> *Petitioner,*

> v.                                      19-3424
>                                         NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        John Son Yong, Esq., New York, NY.

FOR RESPONDENT:        Ethan P. Davis, Acting Assistant Attorney General; Derek C. Julius, Assistant Director; Elizabeth K.

Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jing Lin, a native and citizen of the People's Republic of China, seeks review of a September 26, 2019 decision of the BIA affirming a May 28, 2019 decision of an Immigration Judge ("IJ") denying Lin's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Jing Lin,* No. A 056 063 001 (B.I.A. Sept. 26, 2019), *aff'g* No. A 056 063 001 (Immig. Ct. N.Y.C. May 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual challenges to the agency's denial of CAT protection under the substantial-evidence standard. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). An applicant for CAT relief has the burden to show

2

that he would "more likely than not" be tortured by or with the acquiescence of government officials. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004).

Substantial evidence supports the agency's finding that Lin failed to show he would "more likely than not" be tortured if removed to China. Lin argued the Chinese government would prosecute, detain, and potentially use the death penalty against him because he was convicted of a controlled substance offense in the United States. He offered evidence of China's severe punishment for drug offenses committed in China, including its use of the death penalty. However, as his counsel conceded before the IJ, none of the evidence discussed punishment in China for individuals prosecuted for drug offenses outside of China. Lin admitted that he did not know whether Chinese law provided punishment for people returning to China with foreign drug convictions or if the Chinese government was aware of his conviction. Absent evidence of torture of individuals with convictions from outside of China, the agency reasonably deemed Lin's claim speculative and denied CAT relief. *See Savchuck v. Mukasey*, 518 F.3d

119, 123 (2d Cir. 2008) ("An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4